UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
DEC 5 - 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Roger M. Singletary,            )
                                )
        Petitioner,             )
                                )
        v.                      )   Civil Action No. 04-0527 (RJL)
                                )
Kenneth Rose,                   )
                                )
        Respondent.             )

## MEMORANDUM OPINION

In this action seeking a writ of *habeas corpus*, petitioner challenges actions taken by the District of Columbia Air National Guard with respect to his service. Petitioner is a staff sergeant assigned to the 113th Wing's Security Forces Squadron at Andrews Air Force Base, Maryland. He appears to challenge specifically an alleged recommendation that he be administratively discharged "under other than honorable conditions." Petition at 5. Respondent asserts that the petition should be denied because (1) the Court lacks subject matter jurisdiction, (2) petitioner has not named the proper respondent, (3) the Court lacks jurisdiction over the proper respondent, and (4) petitioner has failed to state a claim for habeas relief. The petition will be denied on the second and third grounds.[1]



---

[1] With respect to subject matter jurisdiction, respondent claims that petitioner has not established that he is in custody for purposes of habeas review. "The writ of *habeas corpus* shall not extend to a prisoner unless . . . [h]e is in custody [under specifically enumerated circumstances]." 28 U.S.C. § 2241(c). At the time that he filed this case, petitioner had "just been released from 13 months of active duty. . . ." Petition at 1-2. He was "reverted back to a traditional guard [reserve] status." Respondent's Exh. 1, Declaration of Timothy Lehmann ¶ 12; Respondent's Response to the Court's Order Directing Respondent to Show Cause Why the Requested Writ of Habeas Corpus Should Not Issue at 5. Inactive military reservists may satisfy the custody requirement if they are "subject to military orders and obligated to return to active duty." *Rooney v. Secretary of Army*, 405 F.3d 1029, 1032, n.1 (D.C. Cir. 2005). The record reveals no finality with respect to petitioner's status and therefore provides no basis for a conclusion that petitioner is not in custody for purposes of obtaining habeas review.

The proper respondent to an application for a writ of *habeas corpus* is the petitioner's immediate custodian. *Rumsfeld v. Padilla,* 124 S.Ct. 2711 (2004); *Blair-Bey v. Quick,* 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh,* 864 F.2d 804, 810 (D.C. Cir. 1988)). "[A] district court may not entertain a habeas petition . . . unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Commission,* 374 F.3d 1235, 1239 (D.C. Cir. 2004). A serviceman's custodian is his commanding officer. *Rooney v. Secretary of Army,* 405 F.3d 1029, 1032 (D.C. Cir. 2005). Respondent has provided unrefuted evidence that the named respondent, Kenneth Rose, is not petitioner's commanding officer, Respondent's Exh. 1, Declaration of Timothy Lehmann ¶¶ 1, 16, and that the putative commanding officer is located at Andrews Air Force Base in Maryland. *Id.* ¶ 1. This Court lacks personal jurisdiction over the proper respondent, who is subject to the jurisdiction of the United States District Court for the District of Maryland. The petition therefore is denied.[2]

Richard J. Leon
United States District Judge

Date: 12/2/05

---

[2] A separate Order accompanies this Memorandum Opinion.